IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MONICA LAVELLE ROBINSON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-644-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Monica Lavelle Robinson, a state prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After having considered the pleadings, the state court records in Petitioner's prior habeas actions, and relief sought by Petitioner, the court has concluded that the petition should be summarily dismissed as an abuse of the writ. No service has issued upon Respondent.

I. Factual and Procedural History

Petitioner is serving a life sentence for her 2002 murder conviction in Tarrant County, Texas. Pet. 2, ECF No. 1. This is Petitioner's fourth federal habeas petition pursuant to § 2254 filed in this Court challenging the same conviction. The first was dismissed on limitations grounds, the second was dismissed as a successive petition, and the third was transferred to the Fifth Circuit Court of Appeals as a successive petition. Pet. & Order, Robinson v. Quarterman, Civil Action No. 4:08-CV-

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Case 4:16-cv-00644-O Document 4 Filed 07/12/16 Page 2 of 3 PageID 20

593-A, ECF Nos. 1, 29; Pet. & Order, *Robinson v. Thaler*, Civil Action No. 4:11-CV-634-A, ECF Nos. 1, 8; Pet. & Order, *Robinson v. Stephens*, Civil Action No. 4:15-CV-721-O, ECF Nos. 1, 8. The Court takes judicial notice of the pleadings and state court records filed in Petitioner's prior federal habeas actions. The procedural history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Robinson v. Thaler*, Civil Action No. 4:08-CV-593-A.

II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[2] The Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

A successive petition is one that raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Petitioner's grounds for relief are

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

vague and largely indecipherable. Nevertheless, her attempt to file another habeas petition pursuant to § 2254 challenging her murder conviction in cause number 0794551D and, arguably, raising claims that were or could have been raised in her prior petition(s) constitutes an abuse of the writ. In light of Petitioner's history of repetitive and frivolous filings, she is warned that any future attempts to pursue federal habeas relief from her 2002 conviction in this court, without permission by the Fifth Circuit Court of Appeals, will lead to the imposition of sanctions, including monetary penalties, a bar to filing any further motions or lawsuits in this court, and/or other impediments.[3]

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as an abuse of the writ. A certificate of appealability is DENIED.

SO ORDERED on this 12th day of July, 2016.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3] The Fifth Circuit has also warned Petitioner that she will be sanctioned if she persists in filing federal habeas petitions challenging the same conviction that do not meet the criteria set forth in § 2244 for filing a successive § 2254 petition. J./Mandate, Robinson v. Stephens, Civil Action No. 4:15-CV-721-O, ECF No. 10.